USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JASMINE MITCHELL,

      Petitioner,

 -against-

COMMISSIONER OF SOCIAL SECURITY,

      Respondent.
-----------------------------------------------------------X

18-cv-0038 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

 Jasmine Mitchell ("Plaintiff"), proceeding *pro se*, seeks review on behalf of JCM under 42 U.S.C. § 405(g) and § 1383(c)(3) of a final determination of the Commissioner of Social Security ("Defendant") that JCM is not eligible for Supplemental Security Income ("SSI") benefits under the Social Security Act. ("Complaint," ECF No. 2.) Defendant filed a motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure Rule 12(c). (ECF No. 16.) Now pending before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Paul E. Davidson, pursuant to 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b), recommending that the motion be granted. (ECF No. 22.) Plaintiff made no objections to the R&R. For the following reasons, the Court adopts the R&R, and Defendant's motion is GRANTED.

## BACKGROUND

 The Court presumes familiarity with the factual and procedural background of this case. Plaintiff commenced the instant action on January 2, 2018 after receiving the notice of the Appeals Council's November 2, 2017 denial of her request for review of the Administrative Law Judge ("ALJ")'s decision. (ECF No. 2.) Defendant moved for a judgment on the pleadings on

June 8, 2018. (ECF No. 16.) On August 6, 2018, Plaintiff filed a motion for an extension of time to respond, as well as a response, to Defendant's motion (ECF No. 20) and, on October 11, 2018, Plaintiff filed a motion "seeking immediate relief due to dire need." (ECF No. 21.)

**STANDARDS OF REVIEW**

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (internal quotation marks omitted); *accord Feehan v. Feehan*, No. 09-CV-7016(DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ.

P. Rule 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, the R & R was issued on March 8, 2019. Parties had until March 22, 2019 to file objections, but Plaintiff filed none. Since Plaintiff failed to file any objections, the Court has reviewed Judge Davidson's R&R for clear error and found no clear error. As expressed more fully in the R&R, even after considering the new evidence submitted by Plaintiff, substantial evidence supported the ALJ's decision that JCM's impairments do not meet or medically or functionally equal an impairment listed in 20 CFR § 404.

## CONCLUSION

For these reasons, the Court adopts Judge Davidson's R&R in its entirety. Defendant's motion is therefore GRANTED. Plaintiff's motions for an extension of time to file a response to Defendant's motion and seeking immediate relief due to dire need are DENIED as moot. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 16, 20, and 21, enter judgment for Defendant, and close this case. The Clerk of the Court is further directed to mail a copy of this Opinion to Plaintiff at her address on the docket.

Dated: April 3, 2019            SO ORDERED:
      White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

3